[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter before this court is the plaintiff's Motion to Strike various Special Defenses and Counterclaims pled by the defendants. This case arises out of a real estate purchase by the plaintiff from the defendants. The plaintiff's Amended Complaint contains allegations of Breach of Contract (Count One), Negligence (Count Two), Fraudulent Misrepresentation and Fraudulent Non-disclosure (Count Three), and Negligent Misrepresentation (Count Four).
The defendants' First Special Defense alleges a lack of privity as a defense to the Second Count. The plaintiff moves to strike this defense arguing that privity is not a defense to negligence. The defendants, in their motion in opposition, do not contradict this. Rather, they contend that negligence requires a duty which can stem from a contract. The defendants also cite to the fact that the plaintiff chose to include previously alleged facts from her Breach of Contract claim (in Count One) to support her negligence claim. Thus, the defendants argue that because "it is implied that the defendants breached their contract with the plaintiff,"[1] the lack of privity of contract is or may be a legal defense. It is true that a duty may be proven through evidence of contractual relationships. Coburn v. Lenox Homes,Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). It is also true that allegations supporting the breach of contract claim are included in the negligence claim. However, in the instant case, the question for this court is, can privity, alone, be pled as a defense to a claim of negligence? This court finds that privity, standing alone, is not a special defense to a claim of negligence. Therefore, the plaintiff's motion to strike the First Special Defense to the plaintiff's Second Count is granted. CT Page 4165
In the defendants' Second Special Defense to the Second, Third and Fourth Counts they plead waiver as a defense. The plaintiff moves to strike this special defense asserting that waiver may not be a defense to the negligence and fraud claims in the three counts. The defendants counter that the claims in the Second Count would support an implied breach of contract claim and that waiver may be a special defense to such an allegation. Though true, once again, the defendants argument is irrelevant. The claims of negligence and fraud cannot be defended against with allegations of waiver. Accordingly, the plaintiff's motion to strike the Second Special Defense is granted.
The plaintiff moves to strike the Third Special Defense on the grounds that estoppel has not been recognized as a defense to negligence or fraud claims in Connecticut. Further, the plaintiff contends that the allegations in the special defense are legally insufficient. The defendants have failed to provide this court with any legal authority to support their theory that the estoppel defense may be raised against claims of negligence and fraud. Additionally, this court holds that even if such a defense were proper, the allegations in the Third Count are legally insufficient. Consequently, the motion to strike the Third Special Defense to the Second, Third and Fourth Counts is granted.
Finally, the plaintiff moves this court to strike the two counterclaims asserted by the defense. The test to determine whether the defendants' counterclaims can stand is whether the "counterclaim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." Connecticut Practice Book § 10-10. The First Counterclaim, asserted against the Second Count of the complaint asserts that the plaintiff breached the contract with the defendants. This claim is based on the same set of facts relied upon by the plaintiff Therefore, it arises from the same transaction. Similarly, the Second Counter claim, alleging a breach of an implied covenant of good faith is based on the same transaction which is the subject of the plaintiff's complaint. Accordingly, the plaintiff's motion to strike the First and Second Counterclaims is denied.
The defendants, notwithstanding the plaintiff's claim to the contrary, do provide a contractual basis for their claim for attorney's fees. They have also alleged conduct the recompense for which could merit exemplary/punitive damages. Therefore, the CT Page 4166 plaintiff's request to strike various elements of the prayer for relief is also denied. L.F. Pace Sons, Inc. v. Travelers Indem.Co., 9 Conn. App. 30, 46-47, 514 A.2d 766 (1986).
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT